The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Cramer and the briefs and oral arguments before the Full Commission. The appealing party has shown good ground to reconsider the evidence. The Full Commission reverses the Deputy Commissioner's Opinion and Award and enters the following Opinion and Award.
* * * * * * * * * * *
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing as:
STIPULATIONS
1. The parties are subject to and bound by the North Carolina Workers' Compensation Act.
2. The employer-employee relationship existed between plaintiff Dale Milnes and defendant-employer Chewning Wilmer, Inc. on May 11, 1993.
3. On May 11, 1993, Liberty Mutual was the carrier insuring defendant Chewning Wilmer.
4. Plaintiff sustained an accident on May 11, 1993.
5. On May 11, 1993, plaintiff's average weekly wage was $310.00.
6. The issue before the Commission is whether there is a causal relationship between plaintiff's accident of May 11, 1993 and the injury to his left knee.
* * * * * * * * * * *
The Full Commission rejects the findings of fact found by the Deputy Commissioner and finds as follows:
FINDINGS OF FACT
1. The Industrial Commission has jurisdiction of this claim, all parties being properly before the Commission and subject to and bound by the North Carolina Workers' Compensation Act.
2. On May 11, 1993, plaintiff was employed by Chewning 
Wilmer. As part of his job, plaintiff worked with welders.
3. On May 11, 1993, plaintiff was working with a welder when a heavy piece of channel steel fell and struck plaintiff's left knee, tearing the medial meniscus and causing immediate intense pain. Plaintiff's knee swelled up and became discolored. He was seen that day at the emergency room at Cabarrus Memorial Hospital where abrasion and discoloration to the left knee were noted.
4. Plaintiff's left knee continued to be painful for about one and a half months, and then the pain seemed to get somewhat better. However, plaintiff started having additional problems with his left knee. His knee was sore, would give out and twist, and began to cause a limp.
5. To date, plaintiff has missed no work as a result of the May 11, 1993 injury by accident.
6. Due to his continued knee problems, on March 11, 1994, plaintiff sought treatment from Dr. Jeffrey Mokris at the Miller Orthopaedic Clinic in Charlotte. Dr. Mokris diagnosed plaintiff as having a torn medial meniscus of his left knee.
7. Dr. Mokris has suggested that plaintiff undergo surgery to repair the torn medial meniscus.
8. As a result of his injury by accident of May 11, 1993, plaintiff sustained a torn medial meniscus of the left knee in addition to contusions, abrasions, and swelling.
* * * * * * * * * * *
Based upon the findings of fact, The Full Commission concludes as follows:
CONCLUSIONS OF LAW
1. On or about May 11, 1993 plaintiff sustained an injury by accident arising out of and in the course of his employment with defendant-employer when a heavy piece of steel fell and struck his left knee. N.C.G.S. 97-2 (6).
2. Plaintiff is entitled to payment by defendant-employer of all medical expenses incurred, or to be incurred, including potential surgery to repair the medial meniscus tear, as a result of the injury by accident suffered on May 11, 1993. N.C.G.S. 97-2
(19); 97-25.
3. Because plaintiff missed no work as a result of the injury by accident, he is not entitled to receive any temporary total disability compensation. In the event that surgery is required to repair the medial meniscus tear suffered on May 11, 1993, however, plaintiff is entitled to have defendants pay temporary total disability compensation for any period plaintiff may be unable to work as a result of this surgery. N.C.G.S.97-29.
* * * * * * * * * * *
Based on the foregoing findings of fact and conclusions of law, the Full Commission reverses the holding of the Deputy Commissioner and enters the following:
AWARD
1. Defendants shall pay plaintiff's medical expenses for treatment rendered, or to be rendered, for plaintiff's left knee injuries suffered as a result of the May 11, 1993 injury by accident, including any future surgery plaintiff might have to repair the torn medial meniscus.
2. Defendants shall pay temporary total disability compensation for any period plaintiff may be unable to work as a result of future surgery plaintiff might undergo to repair the torn medial meniscus of his left knee.
3. Defendants shall pay the costs for this appeal.
 S/ ________________________ LAURA KRANIFELD MAVRETIC COMMISSIONER
CONCURRING:
S/ ____________________ DIANNE C. SELLERS COMMISSIONER
S/ ____________________ COY M. VANCE COMMISSIONER